THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HASAN ALOGAILI,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. H. CLARK et al.,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:24-CV-535-TS<br><br>District Judge Ted Stewart |

  Plaintiff Hasan Alogaili, acting *pro se*, brought this civil-rights action, *see* 42 U.S.C.S. § 1983 (2025).[1] Having now screened the Complaint, (ECF No. 1), under its statutory review function, 28 U.S.C.S. § 1915A (2025),[2] the Court orders Plaintiff to file an amended complaint curing deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

[2] The screening statute reads:
>  (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

## A. COMPLAINT'S DEFICIENCIES

Complaint:

**1.** generally does not properly affirmatively link an individual named defendant to each alleged civil-rights violation. (See below.)

**2.** does not adequately link *each element* of improper physical treatment to each specific named defendant. (See below.)

**3.** does not adequately link each element of a First Amendment free-exercise-of-religion claim to each specific named defendant. (See below.)

**4.** has claims possibly based on current confinement; however, the complaint was apparently not submitted using legal help Plaintiff is constitutionally entitled to by his institution--e.g., the contract attornies. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a

---

28 U.S.C.S. § 1915A (2025).

claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these points before filing an amended complaint:

• The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

• Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

• The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

• Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

• Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

• Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

• "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2025). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Affirmative Link.**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving

> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

- **Inadequate physical treatment.** These are the standards governing such claims:

> Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. *Id.* at 834. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of the facts from which the

> inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* This high standard for imposing personal liability on prison officials (i.e., the same standard of subjective recklessness used in the criminal law) is necessary to ensure that only those prison officials that inflict punishment are liable for violating the dictates of the Eighth Amendment. *Id.* at 835-45; *see also Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that *Farmer*'s "subjective component is not satisfied[] absent an extraordinary degree of neglect"); *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999) (recognizing that *Farmer*'s deliberate indifference standard sets out a "stringent standard of fault").

*Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1173 (10th Cir. 2021).

- **First Amendment Cause of Action**

    It is well-settled that "[i]nmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Yet such protections are not without reasonable limitations. The Supreme Court has cautioned that prison inmates are also subject to the "necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id*. Accordingly, the Court has held that "a prison regulation imping[ing] on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id*. at 349.
    Thus, in order to allege a constitutional violation based on a free exercise claim, a prisoner-plaintiff must survive a two-step inquiry. First, the prisoner-plaintiff must . . . show that a prison regulation "substantially burdened . . . sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). Consequently, "[t]he first questions in any free exercise claim are whether the plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held." *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997). Second, prison officials-defendants may "identif[y] the legitimate penological interests that justif[ied] the impinging conduct." *Boles*, 486 F.3d at 1182. At that point, courts balance the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), to determine the reasonableness of the regulation:
    > (1) whether a rational connection exists between the prison policy

        regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Boles*, 486 F.3d at 1181.

*Kay v. Bemis*, 500 F.3d 1214, 1218-19 (10th Cir. 2007).

## C. MOTION FOR APPOINTED COUNSEL

Plaintiff also moves for "appointed" counsel. (ECF No. 5.)

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge.[3] *See* 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an

---

[3]The Tenth Circuit has noted:
> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing

attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Plaintiff has the burden of convincing the Court that Plaintiff's claim has enough merit to warrant such a request of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). But "[i]t is not enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

    Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for "appointed" counsel. (ECF No. 5.)

---

"volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

## D. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document. (ECF No. 1.)

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, apparently occurring between March 21 to April 20, 2023. (*Id.*) The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**5.** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a

dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**8.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

**9.** Plaintiff's motion for "appointed" counsel is **DENIED**. (ECF No. 5.) However, if-- after the case develops further--it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf. The Court will continually reevaluate the need for counsel; thus, no further motions for appointed counsel are needed.

**10.** Plaintiff's "Motion to Supplement Missing Pleadings is **DENIED**. (ECF No. 9.) Plaintiff moves to add "missing summons and a proper certificate of service." (*Id.*) However, a summons is not needed here when Plaintiff proceeds *in forma pauperis*, meaning "[t]he officers

of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C.S. § 1915(d) (2025). Nor is a certificate of service needed when Defendants have yet to be served.

DATED this 3rd day of March, 2025.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court